UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

YONG F. KE, GUO W. LI, LI R. YOU, LI S. YOU, and
ZHI L. XIE,

                         Plaintiffs,

          - against -

85 FOURTH AVENUE INC., ROSIE CHIN a.k.a. HEONG
TING GEOK a.k.a. HEONG G. CHIN a.k.a. CHIN G.
HEONG, and CHIN CHEOW CHIN a.k.a. PATRICK
CHIN a.k.a. CHIN C. HEOW a.k.a. CHIN C. CHEOW,

                         Defendants.

------------------------------------------------------------x

**COMPLAINT**

**ECF CASE**

07cv 6897 (BSJ)

      Plaintiffs Yong F. Ke, Guo W. Li, Li R. You, Li S. You, and Zhi L. Xie (collectively, "Plaintiffs"), by their undersigned attorneys, bring this action to recover damages arising out of their employment as take-out food delivery personnel at Rosie & Ting Noodles & Grille, a restaurant located at 85 Fourth Avenue, New York, New York 10003 ("Rosie & Ting") which operated as a business until on or about March 16, 2007.

## NATURE OF THE ACTION

1.     Plaintiffs were employees of Defendants 85 Fourth Avenue Inc., Rosie Chin, and Chin Cheow Chin (collectively, "Defendants"). Plaintiffs worked for Defendants at various times between 1998 until on or about March 16, 2007.

2.     Throughout the course of their employment, Plaintiffs regularly worked for Defendants as many as six days a week and as many as seventy hours each week, for wages that fell below the legal minimum wage and without receiving overtime premiums as required by law.

3. As stated herein, Plaintiffs state claims for Defendants' failure to pay the minimum wage, failure to pay overtime, failure to pay "spread of hours" compensation, failure to pay for the cost of purchasing and maintaining required equipment, unlawful expropriation of tips, and unauthorized deductions in violation of the Fair Labor Standards Act and New York State Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) in that the unlawful actions complained of occurred in, and the records relevant to such practices are maintained in, this District.

## PARTIES

### PLAINTIFFS

7. Plaintiff Yong F. Ke was employed as a delivery person at Rosie & Ting from approximately September 2000 through July 2003.

8. Plaintiff Guo W. Li was employed as a delivery person at Rosie & Ting from approximately February 2002 through January 2007.

9. Plaintiff Li R. You was employed as a delivery person at Rosie & Ting from approximately September 2004 until on or about March 16, 2007.

10. Plaintiff Li S. You was employed as a delivery person at Rosie & Ting from approximately October 1998 through November 2006.

11. Plaintiff Zhi L. Xie was employed as a take-out delivery packer at Rosie & Ting from approximately December 2004 until on or about March 16, 2007.

12. Plaintiffs' family names are written as their last names, although in Chinese their family names would be their first names.

## DEFENDANTS

13. Upon information and belief, Defendant 85 Fourth Avenue Inc. is a corporation organized and existing under the laws of the State of New York, with a principle executive office located at 85 Fourth Avenue, New York, New York 10003. At all times relevant to this action, 85 Fourth Avenue Inc. owned and operated a restaurant in New York City doing business under the trade name of Rosie & Ting until on or about March 16, 2007.

14. Upon information and belief, Defendant Rosie Chin is the chairman and/or chief executive officer of 85 Fourth Avenue Inc.. She is sued individually and in her capacity as officer and/or agent of Defendant 85 Fourth Avenue Inc.

15. Upon information and belief, at all times relevant to this action, Defendant Rosie Chin was an employer who had the power to hire and fire delivery personnel, including Plaintiffs, who worked for 85 Fourth Avenue Inc., control the terms and conditions of their employment, determine the rate and method of any compensation provided to delivery personnel, including Plaintiffs, and maintain employment records.

16. Upon information and belief, at all times relevant to this action, Defendant Chin Cheow Chin was an employer who had the power to hire and fire delivery

3

personnel, including Plaintiffs who worked for 85 Fourth Avenue Inc., control the terms and conditions of their employment, determine the rate and method of any compensation provided to delivery personnel, including Plaintiffs, and maintain employment records. He is sued individually and in his capacity as officer and/or agent of Defendant 85 Fourth Avenue Inc.

17.     Upon information and belief, Defendant 85 Fourth Avenue Inc. has been, at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that it (i) has had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

18.     Defendants 85 Fourth Avenue Inc., Rosie Chin, and Chin Cheow Chin owned and operated a restaurant in New York City doing business under the trade name of Rosie & Ting until on or about March 16, 2007.

19.     Rosie & Ting served food to customers on the premises and provided take-out and delivery service.

20.     Rosie & Ting was part of the "restaurant industry" within the meaning of New York Labor Law because it was an eating and drinking place that prepared and offered food and beverages for human consumption on its premises with catering and delivery services available to the public. 12 NYCRR 137–3.1.

21. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. 29 U.S.C. § 203(d); N.Y. Lab. Law §§ 2(6); 191(3); 651(6).

22. At all times relevant to this action, Plaintiffs were employed at Rosie & Ting, and were Defendants' employees within the meaning of the FLSA and New York Labor Law. 29 U.S.C. § 203(e); N.Y. Lab. Law § 651(5).

23. Plaintiffs held the position of "delivery person" while employed by the Defendants, except Zhi L. Xie who worked as a take-out delivery packer. Delivery persons at Rosie & Ting normally delivered orders of food from the restaurant premises to locations off of the premises, such as customers' homes and places of business. Delivery packers at Rosie & Ting normally prepared the orders of food inside the premises to be delivered by the delivery persons.

24. At all times relevant to this action, Plaintiffs, other than Zhi L. Xie, were "tipped employees" under the FLSA, which defines a "tipped employee" as an employee "engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t).

25. At all times relevant to this action, Plaintiffs were engaged in commerce in that Plaintiffs handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce. All employees at Rosie & Ting, including Plaintiffs, were engaged in an industry affecting commerce.

## MINIMUM WAGE

26. Both the FLSA and New York State Labor Law require that employees be paid a minimum wage. 29 U.S.C. § 206; N.Y. Lab. Law § 652.

27. All Plaintiffs, except for Zhi L. Xie, regularly worked for Defendants according to a seasonal schedule during most or all of their employment. From October to May, Plaintiffs regularly worked for Defendants for as many as six days a week and for as many as seventy hours each week. From June to September, Plaintiffs regularly worked for Defendants for five days per week and for as many as fifty-one hours each week. Plaintiff Zhi L. Xie regularly worked six days a week for as many as sixty-eight hours each week all year round.

28. Plaintiffs normally worked a shift of eleven hours to as many as twelve and one-half hours per day. The typical shifts Plaintiffs worked were 11:00 AM to 11:00 PM, 11:00 AM to 11:30 PM, or 11:00 AM to 10:00 PM, during which times Defendants did not permit Plaintiffs to take breaks.

29. During non-meal times, when Plaintiffs were not delivering orders of food, Defendants required Plaintiffs either to deliver menus to customers' homes and/or places of business or engage in "sidework" at the restaurant, which included, among other things, filling sauces, unloading delivery trucks, and transporting and preparing containers and utensils for delivery orders.

30. Defendants compensated Plaintiffs by paying them a salary at bi-monthly intervals.

31. The weekly salary that Defendants paid to many or all of the Plaintiffs was as low as approximately $135 per week for the period covering October to May of each year. This salary effectively resulted in an hourly wage which was well below the minimum wage required under the FLSA and New York Labor Law.

32. The weekly salary that Defendants paid to many or all of the Plaintiffs was as low as approximately $120 per week for the period covering June to September of each year. This salary effectively resulted in an hourly wage which was well below the minimum wage required under the FLSA and New York Labor Law.

33. Defendants paid Plaintiffs' compensation by cash.

34. Defendants withheld ten percent of all tips received from credit card payments.

35. Defendants did not notify Plaintiffs of the FLSA's tip credit provisions.

36. Defendants controlled the distribution of credit card tips earned by the delivery workers, including Plaintiffs, and forced these employees to pay ten percent of their gratuities earned from credit card receipts to the Defendants. New York State Labor Law prohibits any employer or his agent from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity or of any charge purported to be a gratuity for an employee. N.Y. Lab. Law § 196-d.

37. Defendants were not legally entitled to claim a tip credit under the FLSA in order to meet their minimum wage obligations to Plaintiffs because Defendants did not notify Plaintiffs of the FLSA's tip credit provisions. Under the FLSA, employers are permitted to claim tip credit to satisfy their obligation to pay the minimum wage only if employers notify the tipped employees of the FLSA provisions regarding payment of minimum wage to tipped employees. 29 U.S.C. § 203(m).

38. Defendants were not legally entitled to claim a tip credit under the FLSA in order to meet their minimum wage obligations to Plaintiffs because Defendants

7

withheld ten percent of all tips from credit card payments. Under the FLSA, employers are permitted to claim tip credit to satisfy their obligation to pay the minimum wage only if all tips received by such employees are retained by the employees. 29 U.S.C. § 203(m).

39. Plaintiffs were not aware of their right to receive a minimum hourly wage for employment until approximately December 24, 2006.

40. Plaintiffs were not aware of their right to receive compensation at a rate of time and a half for each hour that exceeded forty in a workweek until approximately December 24, 2006.

## OVERTIME PAY

41. FLSA and New York Labor Law require that Defendants pay an overtime rate of one-and-a-half times the regular rate of pay for each hour of work over forty hours per week. 29 U.S.C. § 207; N.Y. Lab. Law § 650 et seq.; 12 NYCRR § 137–1.3.

42. Plaintiffs regularly worked between forty-nine and one half and seventy hours each week during most or all of their employment.

43. Despite the fact that Plaintiffs regularly worked in excess of forty hours per week, Defendants willfully and intentionally failed to pay Plaintiffs overtime compensation as required by both the FLSA and New York Labor Law.

## SPREAD OF HOURS

44. The "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for the day. 12 NYCRR § 137–1.7. New York State Department of Labor Regulations § 137–1.7 provides that if an employee is at work for 10 hours per day, then

8

the employer is required to pay the employee an extra hour of pay at the minimum wage. 12 NYCRR § 137–1.7. This "spread of hours" regulation is applicable even if there is a split shift.

45.  Plaintiffs routinely worked a "spread of hours" of approximately eleven hours to as many as twelve hours per day.

46.  Despite the fact that Plaintiffs routinely worked a "spread of hours" greater than ten hours per day, Defendants willfully and intentionally failed to pay Plaintiffs an extra hour's pay at the minimum wage as required by New York Labor Law.

## UNLAWFUL DEDUCTIONS

47.  The FLSA prohibits employers from requiring minimum wage employees to purchase the tools of their trade or give any money back to his or her employer. 29 U.S.C. § 201 et seq.; 29 C.F.R. § 531.35.

48.  In addition, New York Labor Law prohibits employers from making any deductions from an employee's wages except for those permitted by law. N.Y. Lab. Law § 193(1). Deductions for employer cash shortages and losses are prohibited deductions under New York Labor Law. 12 NYCRR § 137–2.5.

49.  Defendants required Plaintiff delivery personnel to purchase and maintain a bicycle in order to make deliveries. Plaintiffs had to pay for their own repairs to the bicycle and for any legal violations incurred during the course of their work as delivery personnel for Defendants. Defendants did not reimburse Plaintiffs for these costs in violation of the FLSA and New York Labor Law.

50.  Defendants willfully and intentionally deducted these expenses from Plaintiffs' wages in violation of the FLSA and New York Labor Law.

## FAILURE TO INFORM EMPLOYEES OF WAGE PROVISIONS, POST THE NOTICES, AND KEEP RECORDS REQUIRED BY LAW

51. The FLSA requires employers to inform employees of the FLSA's wage provisions, including the manner in which the wage for a tipped employee is determined. 29 U.S.C. § 203(m).

52. Upon information and belief, Defendants willfully failed to inform Plaintiffs of the FLSA's wage provisions, including the manner in which the wage for a tipped employee is determined pursuant to 29 U.S.C. § 203(m).

53. The FLSA and New York Labor Law require employers to maintain in the workplace a display containing notices of employee rights to receive the minimum wage and overtime at a rate of one-and-a-half times their regular rate. 29 C.F.R. § 516.4;. 12 NYCRR § 137–2.3.

54. Upon information and belief, prior to 2006, Defendants willfully failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay as required under the FLSA and New York Labor Law. Upon information and belief, beginning in 2006, Defendants displayed such notices but they were not displayed in a visually conspicuous manner and were only available in English. In addition, at all times relevant to this action, Defendants failed to display a copy of §§ 193 and 196–d of New York Labor Law regarding the prohibition on illegal deductions from wages and the illegality of employers demanding or accepting any portion of employees' tips in violation of New York Labor Law. N.Y. Lab. Law § 198–d.

55. Upon information and belief, Defendants also failed to keep full and accurate records of Plaintiffs' hours and wages in order to avoid liability in violation of the FLSA and New York Labor Law. 29 U.S.C. § 211(c); N.Y. Lab. Law § 661.

## KNOWING AND INTENTIONAL ACTS

56. Defendants knowingly, intentionally, and willfully committed the acts alleged herein.

57. Defendants knew that the nonpayment of minimum wage, overtime pay, and spread-of-hours pay would financially injure Plaintiffs.

58. Defendants knowingly and intentionally took unlawful deductions from Plaintiffs.

## **CAUSES OF ACTION**

### COUNT I

*Federal Minimum Wage and Overtime Violations*

59. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

60. Defendants willfully and intentionally failed to compensate Plaintiffs the applicable minimum hourly wage and to pay overtime for their hours over forty hours per week and misappropriated Plaintiffs' tips, in violation of 29 U.S.C. § 201 et seq. and 29 C.F.R. Chapter V et seq.

61. Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

62. Due to Defendants' violations of the FLSA, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, unpaid

overtime compensation, misappropriated tips, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## COUNT II

*New York State Minimum Wage, Overtime and "Spread of Hours" Violations*

63. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

64. Defendants willfully and intentionally failed to compensate Plaintiffs the applicable minimum hourly wage, including overtime pay and spread of hours pay, in violation of N.Y. Lab. Law §§ 650 et seq. and supporting regulations and orders of the New York State Department of Labor.

65. Defendants have failed to make a good faith effort to comply with New York Labor Law with respect to compensation of Plaintiffs.

66. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, unpaid overtime and "spread of hours" compensation, and an amount equal to one quarter of their unpaid compensation in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial, pursuant to New York Labor Law. N.Y. Lab. Law § 663.

## COUNT III

*State Tip Appropriation Violation*

67. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

68. Defendants retained ten percent of Plaintiffs' tips received from credit card transactions in violation of N.Y. Lab. Law § 196-d.

69. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiffs.

70. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid tip compensation, and an amount equal to one quarter of their unpaid compensation in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial, pursuant to New York Labor Law. N.Y. Lab. Law § 663.

## COUNT IV

*Equipment Purchase & Maintenance Under The Fair Labor Standards Act*

71. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

72. Defendants willfully and intentionally required Plaintiffs to purchase and maintain bicycles required for Defendants' work such that Plaintiffs' compensation was below the minimum wage, in violation of 29 U.S.C. § 201 et seq. and 29 C.F.R. § 531.35.

73. Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

74. Due to Defendants' violations of the FLSA, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages equal to the amount paid for the purchase and maintenance of bicycles required for Defendants' work, to the extent such payments cut into the minimum or overtime wages required, and an equal amount in the

form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## COUNT V

*New York State Unlawful Deductions*

75.  Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

76.  Defendants willfully and intentionally made unauthorized deductions from Plaintiffs' wages by requiring Plaintiffs to purchase and maintain bicycles required for Defendants' work, in violation of N.Y. Lab. Law §§ 193(1) and 198–b and 12 NYCRR § 137–2.5.

77.  Defendants have failed to make a good faith effort to comply with New York Labor Law with respect to compensation of Plaintiffs.

78.  Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unauthorized deductions and an amount equal to one quarter of their unauthorized deductions in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial, pursuant to New York Labor Law. N.Y. Lab. Law § 198.

## **TOLLING OF STATUTES OF LIMITATIONS**

79.  On the grounds of equitable tolling, the statutes of limitations for minimum wage claims asserted by Plaintiffs under the Fair Labor Standards Act should be tolled until they first became aware of their right to receive minimum wage under the Fair Labor Standards Act in December 2006.

80. On the grounds of equitable tolling, the statutes of limitations for overtime claims asserted by Plaintiffs under the Fair Labor Standards Act should be tolled until they first became aware of their right to receive overtime under the Fair Labor Standards Act in December 2006.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request that a judgment be granted as follows:

(a) Declaring Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under the FLSA and New York Labor Law;

(b) Awarding Plaintiffs unpaid minimum wages due under the FLSA and New York Labor Law;

(c) Awarding Plaintiffs unpaid overtime compensation due under the FLSA and New York Labor Law;

(d) Awarding Plaintiffs compensation for all "spread of hours" violations due under New York Labor Law;

(e) Awarding Plaintiffs compensation for all tips appropriated in violation of the FLSA and New York Labor Law;

(f) Awarding Plaintiffs compensation for all unauthorized deductions under the FLSA and New York Labor Law;

(g) Awarding Plaintiffs liquidated damages;

(h) Awarding Plaintiffs pre-judgment and post-judgment interest;

(i) Awarding Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

      (j)    Awarding such other relief as this Court deems is just and proper.

Dated: July 31, 2007

                                      Respectfully submitted,

Jonathan L. Adler (JA-7424)
**DAVIS POLK & WARDWELL**
450 Lexington Avenue
New York, NY 10017
212-450-4190

Kenneth Kimerling (KK-5762)
**ASIAN AMERICAN LEGAL
DEFENSE AND EDUCATION FUND**
99 Hudson Street
New York. New York 10013
212-966-5932

*ATTORNEYS FOR PLAINTIFFS*