UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x        07 cv 6897(BSJ)
YONG F. KE, GUO W. LI, LI R. YOU, LIS
YOU, and ZHI L. XIE
                                  Plaintiffs,       **VERIFIED ANSWER**

    -against-

85 FOURTH AVENUE INC., ROSIE CHIN
a.k.a. HEONG TING GEOK a.k.a. HEONG
G. CHIN a.k.a. CHIN G.HEONG, and CHIN
CHEOW CHIN a.k.a. PATRICK CHIN,
and CHIN C. HEOW a.k.a CHIN C. CHEOW,
                                  Defendants.
------------------------------------------------------------x

      Defendants, except **85 FOURTH AVENUE INC.**, a defunct corporation, by their attorneys, **Anthony C. Emengo, Esq.,** responding to the verified complaint of the plaintiff allege as follows:

      1.    Deny the allegations contained in paragraph designated "1", "2", "6", ""7", "8", "9" "10","11", "15", "16", "17", "18", "21","22", "23", "24", "25", "27", "28", "29", "30", "31", "32", "34", "35", "36", "37", "38", "39", "40", "42",, "43", "45", "46", "49", "50", "52", "54", "55", "56", "57", "58", "60", "61", "62", "64", "65", "66", "68", "69", "70", "72", "73", "74", "76", "77", "78", "79" and "80", "80(a)-(j) of the verified complaint.

      2.    Deny information and knowledge necessary to form an opinion with regard to paragraphs "12" of the complaint".

.     3.    Paragraphs designated "3", "4", "5", "6","26", "41", "44", "47","51", "53" state conclusions of law which require no responses except that defendants state that plaintiffs misconstrue and attempt to misapply the purport of the provisions of statute therein referred.

**AS AND FOR A**
**FIRST AFFIRMATIVE DEFENSE**

4.      Defendant Partrick Chin s/h/a Chin Cheow Chin etc., is improperly joined in this action. He was not a shareholder or owner of 85 Fourth Avenue Inc. He was also not involved in the management or supervisor of business of the restaurant. He did not employ or work with any of the plaintiffs in the subject restaurant or any other location in any capacity whatsoever.

### AS AND FOR A
### SECOND AFFIRMATIVE DEFENSE

6.      85 Fourth Avenue Inc., is a defunct corporation which was duly dissolved pursuant to statute prior to the date of commencement of this action. The action is incompetent in so far as it asserts any claims against a non-existent *legal personae*.

### AS AND FOR A
### THIRD AFFIRMATIVE DEFENSE

7.      All the plaintiffs, except Zhi L. Xie were all employed and supervised by plaintiff Li Shou You. Plaintiff, Li Shou You determined their rate of pay and work assignments at all times material to this action. Said Plaintiff Li Shou You did not report to and was not responsible to any of the defendants herein. Zhi L. Xie was recruited as an independent contractor through an employment agency and was paid her wages without any income deductions at an agreed rate of pay. Upon information and belief, plaintiffs were each apprised of the tip wage, tip pool and tip credit requirements of the job and they each received their job specifications. Additionally, on every pay day each delivery person declared the quantum of tips he received for the period for the purpose of the restaurant claiming tip credit.

## AS AND FOR A
## FOURTH AFFIRMATIVE DEFENSE

8.    Defendant will contend in the alternative that **plaintiffs YONG F. KE, GUO W. LI, LI R. YOU, and LI S. YOU,** were independent contractors. They each determined their work hours and provided their own tools. Each plaintiff collected and retained 100% of the tips paid to him by customers and never made returns thereof to the restaurant. With respect to credit card sales, the restaurant only made authorized deductions from each credit card tip to cover credit card bank handling fees.

9.    The delivery persons made their own schedule and they ensured that the restaurant had at least three delivery persons every day and if for some reason, one of them was indisposed, they arranged among themselves to provide a substitute or substitute "delivery persons".

10.    The plaintiffs among themselves arrange to compensate the substitutes engaged by them and the restaurant was never required to pay the substitute.

## AS AND FOR A
## FIFTH AFFIRMATIVE DEFENSE

11.    Additionally, defendants shall contend in the alternative that wages received by each of the plaintiffs was far in excess of the hours they worked. The restaurant only operated for delivery in two shifts namely,

    a) 12noon and 3.00pm on weekdays; 1pm and 3pm on weekend days, and

    b) 6pm and 10.00pm every day.

12.    Normally the plaintiffs were dismissed and they did not render any delivery

service outside those hours except that in emergency situations the restaurant would require one "delivery person" to stay in the restaurant during the break in case of an emergency delivery. The posting of the emergency "delivery person" is determined by the head delivery person Li S. You who does so by rotation. Ordinarily every delivery person except the emergency delivery person was on break between the hours of 3pm to 6.00pm every day and the emergency delivery person is allowed to leave one hour earlier.

13. The "packer" only worked when delivery was ordered and therefore, she too, like "delivery persons" rendered service only during the delivery hours.

14. Notwithstanding the above hours or work rendered by plaintiffs, plaintiffs **YONG F. KE, GUO W. LI, LI R. YOU, LI S. YOU,** each received wages including tips, far in excess of the prescribed minimum wage for whole work days, plus over time and the plaintiff **ZHI L. XIE,** likewise, received wages far in excess of minimum wage, plus overtime for whole work days.

15. Calculating plaintiffs' wages will necessarily take into consideration a food credit to the restaurant for the cost of one lunch and one dinner given to each of the plaintiffs every day, as well as, credit to restaurant for lunch time and dinner time, every day.

## AS AND FOR A
## SIXTH AFFIRMATIVE DEFENSE

16. The restaurant effected 'menu delivery' by direct mail through the United States' Post office and advertisement was done through Newspaper advertisement and in the Internet through "delivery.com". The restaurant also had a contract with NYU whereby books of discount coupons were issued by the restaurant to NYU for distribution by NYU to its students.

17. None of the plaintiffs was involved in menu distribution or advertisement for the

restaurant.

## AS AND FOR A
## SEVENTH AFFIRMATIVE DEFENSE

18. The restaurant at all times material posted all requisite notices at a conspicuous location in the restaurant. The restaurant received the notices every year from its accountants Miu & Co., during the first week of January every year, St. Paul's Travelers, Ins. Co., and New York State Department of Health Notices from Dept of Consumer Affairs.

19. The notices were physically posted by the manager of the restaurant.

## AS AND FOR A
## EIGHT AFFIRMATIVE DEFENSE

20. Plaintiffs' causes of action in the main, are barred by the applicable statute of limitations period

**WHEREFORE**, defendants demand judgment dismissing the complaint in its entirety and for such other and different relief as to this court seems just and proper.

Dated: Williamsburg, New York
       August 20, 2007.

                                                        Yours, etc.

                                                        ANTHONY C. EMENGO, ESQ
                                                        Attorney for Defendants

                                                        By: *anthonycemengo*
                                                        ANTHONY C. EMENGO
                                                        472 Union Avenue Ste 1000,
                                                        Williamsburg, New York 11211
                                                        (718) 937-8000

TO:   **DAVIS POLK & WARDWELL**
      **450 Lexington Avenue,**
      **New York, NY 10017.**

## **VERIFICATION**

State of New York   )
                    )ss:
County of New York  )

**Rosie Chin** being first duly sworn states as follows:

That I have read the foregoing answer and know the contents thereof; that the same is true to my own knowledge except as to the matters therein stated to be alleged upon information and belief and that as to those matters I believe it to be true.



Rosie Chin

Sworn to before me this
20th day of August 2007.

____anthonyemengo____
NOTARY PUBLIC
Anthony C. Emengo
Notary Public of the State of New York
No. 02EM507-138
Qualified in Suffolk County
Commission Expires December 09, 2010.

## DECLARATION OF SERVICE

**ANTHONY C. EMENGO ESQ,** an attorney duly admitted to the practice of law in all the courts of the State of New York being mindful of the penalties of perjury being duly sworn, deposes and says:

That I am not a party to this action and am over the age of eighteen (18) years of Williamsburg, New York.

That on August 20, 2007, I served the within

### VERIFIED ANSWER

upon the following the plaintiff by depositing three true copies of the same securely enclosed in a post-paid wrapper an Official Depository maintained and exclusively controlled by the United States directed to said attorney at:

**Daniel Sobiloff, Esq.**
**Morelli Ratner PC**
**950 Third Avenue, 11th Floor**
**New York, NY 10022.**

Via ecf/cmf knowing that said counsel would receive notice thereof.

Dated this August 20, 2007.

*Anthonycemengo*

**ANTHONY C. EMENGO, ESQ.**