```
UNITED STATES DISTRICT COURT            (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
YONG F. KE, GUO W. LI, LI R. YOU,   : 07 Civ. 6897 (BSJ) (JCF)
LI S. YOU, and ZHI L. XIE,          :
                                    :       MEMORANDUM
              Plaintiffs,           :       AND  ORDER
                                    :
     - against -                    :
                                    :
85 FOURTH AVENUE INC., HEONG G.     :
CHIN a.k.a ROSIE CHIN, CHIN CHEOW   :
CHIN a.k.a. PATRICK CHIN a.k.a.     :
CHIN C. HEOW a.k.a CHIN C. CHEOW,   :
HAPPY PALACE, INC. and LINDA CHEN.  :
                                    :
              Defendants.           :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

This is an action brought by former restaurant delivery workers at Rosie & Ting Noodles and Grill ("Rosie & Ting"). The plaintiffs allege that their former employers, defendants 85 Fourth Avenue, Inc., Rosie Chin, and Chin Cheow Chin (the "Rosie & Ting defendants"), failed to pay them the required minimum wage, overtime, and spread of hours compensation; failed to compensate them for costs incurred for required equipment; and misappropriated their tips, all in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), and New York State Labor Law. In addition, Plaintiff Li R. You asserts claims for retaliatory discharge against a subsequent employer, Happy Palace, Inc. and Linda Chen, as well as against the Rosie & Ting defendants. The instant motions concern a number of discovery disputes between the plaintiffs and the Rosie & Ting defendants.

1

Background

Discovery in this case has been ongoing for over a year and is scheduled to conclude by May 29, 2009. (Order dated March 30, 2009). In January 2009, after receiving letters from both parties in connection with certain discovery disputes, I issued an order that is directly relevant to several of the issues now contested between the parties. In response to the plaintiffs' requests for the defendants' tax records, bank statements, and applications for credit lines, I ordered that the defendants produce all corporate bank statements; corporate tax returns in full; and the tax returns for Mr. and Mrs. Chin in redacted form, showing the source and amount of all income reported.[1] (1/26/09 Order, ¶¶ 2-3). I noted that the plaintiffs had demonstrated "a compelling need for [that] information to determine the extent of FLSA coverage." (1/26/09 Order, ¶ 3). Conversely, I found that the plaintiffs need not disclose their tax returns, ruling that the defendants failed to show a compelling need. (1/26/09 Order, ¶ 6).

Each party now moves to compel the production of certain documents pursuant to Rule 37 of the Federal Rules of Civil

---

[1] I specified that the corporate bank account statements were to be produced in response to the Plaintiffs' First Document Request No. 15. (Order dated Jan. 26, 2009 (the "1/26/09 Order"), ¶ 2). The tax return information was to be produced in response to the Plaintiffs' First Document Request No. 26, Second (Rosie Chin) Document Requests Nos. 1, 4, and 5, and Second (Chin Cheow Chin) Document Requests Nos. 1, 2, and 3.

Procedure.  Specifically, the plaintiffs seek production of (1) corporate income tax returns in full, without redactions of employee names; (2) Mr. and Mrs. Chin's personal state and local tax returns; and (3) statements of Mr. and Mrs. Chin's personal bank accounts and credit lines.  (Memorandum of Law in Support of Plaintiffs' Motion to Compel the Production of Documents ("Pl. Memo.") at 8-9, 12).  In addition, the plaintiffs contest the redactions on the defendants' personal federal income tax returns, claiming that they obscure the sources and amounts of the defendants' income.  (Pl. Memo. at 10).

The defendants seek production of (1)  documents relating to the plaintiffs' claim that the restaurant's sales exceeded $500,000;[2] (2) documents reflecting detailed computations of alleged damages; (3) the plaintiffs' tax returns; and (4) any "other documents that would evidence Plaintiffs' other income and/or employment" during the relevant time period, including documents requested in the Defendants' Second Request for the Production of Documents Nos. 2-11.  (Reply Declaration of Samuel Chuang in Support of Motion to Compel Deposition of Plaintiffs and

---

[2] The minimum wage and overtime provisions of the FLSA cover workers who are "employed in an enterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C. §§ 206(a), 207(a)(1).  To qualify, an enterprise's gross sales or business must equal or exceed $500,000 annually.  29 U.S.C. § 203(s)(1)(A)(ii).  Thus, the plaintiffs here are entitled to FLSA protections only if Rosie & Ting grossed $500,000 or more on an annual basis.

Production of Documents ("Chuang Reply Decl."), ¶¶ 10, 18, 20-25, 28-32; Declaration of Samuel Chuang in Support of Motion to Compel Production of Documents Pursuant to Fed. R. Civ. P. 37 & 34 ("Chuang Decl."), ¶¶ 13-14, 18-19, 34, 39).[3] The defendants also request additional time to depose each plaintiff, during which the plaintiff would be precluded from asserting the Fifth Amendment in response to questions concerning tax returns and would be directed to answer questions about any past criminal convictions. (Reply Memorandum of Law in Further Support of Defendants' Motion to Compel ("Def. Reply Memo.") at 7-10).

Discussion

    A.    Plaintiff's Motion to Compel Production of Documents

Each of the plaintiffs' three production requests was previously resolved by the January order. In no uncertain terms, that opinion ordered the defendants to produce federal, state and local corporate tax returns in full, without redactions of any kind. (1/26/09 Order, ¶ 3). Similarly, the defendants were

---

[3] The defendants also requested the plaintiffs' initial disclosures and a log of documents withheld on the basis of privilege. (Chuang Decl., ¶¶ 2-5, 48-51). The former request is moot, however, as initial disclosures were produced to the defendants over a year ago. (Plaintiffs' Initial Disclosures, attached as Exh. 3 to Declaration of Jane H. Yoon dated March 24, 2009 ("Yoon 3/24/09 Decl.")). The latter request, on the other hand, is not ripe because plaintiffs have not withheld any documents on the basis of privilege. (Memorandum of Law of Plaintiffs in Opposition to Defendants' Motion to Compel Deposition Testimony and the Production of Documents ("Pl. Opp. Memo.") at 15).

previously ordered to produce federal, state and local tax returns for Mr. and Mrs. Chin.  (1/26/09 Order, ¶ 3).  The defendants neither appealed that decision nor sought reconsideration of it; their time to do so has now passed.  See Fed. R. Civ. P. 72(a) (allowing 10 days for appeal of magistrate judge's non-dispositive decisions); Local Civil Rule 6.3 ("A notice of motion for reconsideration . . . of a court order determining a motion shall be served within ten (10) days after the entry of the court's determination . . . .").  Therefore, the defendants remain obligated to produce corporate tax returns without redactions of any kind and to produce Mr. and Mrs. Chin's state and local tax returns[4] with appropriate redactions.  Failure to do so within two weeks of this decision will result in sanctions.

Conversely, although the plaintiffs requested statements of Mr. and Mrs. Chin's personal bank accounts and applications for credit lines "in tandem with Defendants' [individual] tax returns" (Reply Memorandum of Law in Support of Plaintiffs' Motion to Compel ("Pl. Reply. Memo") at 8; Letter of Anna Thea Bridge dated Dec. 5, 2008 ("Pl. 12/5/08 Letter"), attached as Exh. 2 to Yoon 3/24/09 Decl., at 6-8), I declined to order production of these documents. (1/26/09 Order, ¶ 4).  As the plaintiffs neither appealed the January order nor sought reconsideration of it, they too have lost

---

[4] As discussed below, the defendants previously produced federal income tax returns for Mr. and Mrs. Chin.

their opportunity to contest that decision. Accordingly, the defendants need not produce these documents.

Finally, the plaintiffs contend that the federal income tax returns produced for Mr. and Mrs. Chin are inappropriately redacted, thus obscuring the sources and amounts of the defendants' income. The defendants claim, however, that the redacted portions are "either personal information or items of deduction, loss, or credit" and affirm that "the source and amount of all income is revealed." (Declaration of Samuel Chuang dated March 24, 2009 ("Chuang Opp. Decl."), ¶¶ 28-30). To resolve this dispute, I reviewed, in camera, one of the tax returns in unredacted form. The redactions are proper; the source and amount of all income is revealed.

B.   Defendants' Motion to Compel Production of Documents

   1.   Documents Concerning Rosie & Ting's Alleged Sales

The parties vehemently dispute whether Rosie & Ting collected more than $500,000 in annual gross sales, a prerequisite for the plaintiffs' FLSA claims. Asserting that the plaintiffs have "produced nothing to support [their] specious allegations" that Rosie & Ching grossed $500,000 or more in annual sales, the defendants demand any documents in the plaintiffs' possession that support this claim and, specifically, any Rosie & Ching sales receipts in the plaintiffs' possession that they have not yet produced. (Chuang Decl., ¶¶ 6-14; Chuang Reply Decl., ¶¶ 6-10).

6

On its face, the defendants' request is somewhat odd: the defendants, after all, are in the best position to obtain evidence concerning gross sales at Rosie & Ting. It seems highly unlikely that the plaintiffs have pertinent factual information that the defendants do not. This aside, however, there is no indication that the plaintiffs have in fact withheld relevant documents. The plaintiffs explicitly state that they have "already produced all of the relevant documents requested in their possession, including all those related to Plaintiffs' wage-based income and hours at the restaurant." (Pl. Opp. Memo. at 11, 15). Moreover, in a previous letter to the Court, the plaintiffs offered several reasons for their appraisal of the restaurant's volume of business, including admissions made by Ms. Chin during deposition, certain inconsistencies within Rosie & Ting's sales records, and the plaintiffs' estimates of daily delivery amounts based on their personal experience. (Pl. 12/5/08 Letter at 7-8). There is thus no need to order the plaintiffs to produce anything further on this issue.

      2.   <u>Documents Reflecting Alleged Damages Computations</u>

In accordance with their obligations under Rule 26 of the Federal Rules of Civil Procedure, the plaintiffs provided descriptions of the categories of damages sought as part of their initial disclosures. (Plaintiffs' Initial Disclosures at 3-4). At that time, however, the plaintiffs claimed that they were unable to

calculate the amount sought because "damages can only be calculated based on information in Defendants' possession." (Plaintiffs' Initial Disclosures at 3); <u>see</u> Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring "computation of each category of damages claimed by the disclosing party"). Accordingly, the plaintiffs pledged to produce damages computations as they gained more information through the discovery process. (Plaintiffs' Initial Disclosures at 3). Indeed, under Rule 26(e), the plaintiffs had an obligation to supplement their initial damages disclosure with this information. Fed. R. Civ. P. 26(e)(1) (requiring timely supplementation of disclosures as additional information is obtained).

Approximately six months later, the plaintiffs produced a document containing "preliminary computations of each category of damages that Plaintiffs seek." (Pl. Opp. Memo. at 14; Yoon 3/24/09 Decl., ¶ 5; Chuang Decl., ¶¶ 15, 18). It also included "a detailed set of explanations, principles, and assumptions underlying these computations . . . including the number of hours Plaintiffs worked at Rosie & Ting, the wages they received, and the applicable federal and state minimum wages." (Yoon 3/24/09 Decl., ¶ 5). This document, however, was exchanged in connection with settlement discussions and was labeled "Confidential Settlement Materials Pursuant to Federal Rule of Evidence 408." (Chuang Decl., ¶ 15).

The functional value of this information is greatly reduced by virtue of its confidential nature. Although the defendants are now

aware of the plaintiffs' calculation of damages, they could not use that information, for example, during cross-examination at trial See Fed. R. Evid. 408. Therefore, within two weeks the plaintiffs shall comply with their obligation to supplement their initial disclosure by producing a non-confidential damages computation.

### 3. Plaintiff's Tax Returns

Like the items requested by the plaintiffs in their motion to compel, this issue was previously decided.[5] In January, I explicitly ruled that the plaintiffs need not disclose their tax returns. (1/26/09 Order, ¶ 6). This order was not contested and, once again, the defendants have missed their chance to do so. Accordingly, the prior order stands and the plaintiffs need not produce their tax returns.

### 4. Other Requested Documents

Finally, the defendants demand "other documents . . . that would evidence Plaintiffs' other income and/or employment" during the relevant time period. (Chuang Decl. at 8; Chuang Reply Decl. at 8). The defendants specifically list a variety of previously-requested documents, including documents concerning all sources of income in each plaintiffs' household; each plaintiff's health insurance; each plaintiff's total household expenses; each plaintiff's full financial portfolio, including credit cards and

---

[5] Contrary to the defendants' belief, I did not "misunderst[an]d" their first request for the plaintiffs' tax returns. (Chuang Decl., ¶ 31).

9

interests in any business entities; real property owned by any plaintiff; any substantial personal property owned by any plaintiff; and each plaintiff's safe deposit box. (Chuang Decl., ¶ 39).

In response to the defendants' original request, the plaintiffs produced documents reflecting each plaintiff's wage-based income from any employer, including W-2 and 1099 forms, as well as documents relating to each plaintiff's self-employment and unemployment income. (Objections and Responses to Defendants' Second Request for the Production of Documents dated Jan. 16, 2009 ("Pl. Doc. Resp."), attached as Exh. 4 to Yoon 3/24/09 Decl., at 4-5, 8-9; Pl. Opp. Memo. at 15-16). The plaintiffs objected to the majority of the demands, however, arguing that the defendants sought non-relevant information in an attempt to harass and intimidate the plaintiffs. (Pl. Doc. Resp. at 4-9). They contended further that the burden such vague and broad discovery demands would impose upon the plaintiffs far exceeded any conceivable benefit to the defendants. (Pl. Doc. Resp. at 4-9). The plaintiffs object to producing the information sought in the instant motion on the same grounds. (Pl. Opp. Memo. at 16-17).

The defendants' primary argument in support of their demands is that the requested information will show whether the plaintiffs worked exclusively for Rosie & Ting during the relevant time period. (Chuang Reply Decl., ¶¶ 27-31). This showing, the

defendants argue, is relevant to the defendants' claim that the plaintiffs were independent contractors rather than employees. (Chuang Reply Decl., ¶ 31).  The defendants also contend that information about the plaintiffs' assets and expenses could be used to "challenge and impeach" the plaintiffs' claims of being underpaid.  (Chuang Reply Decl., ¶¶ 27-31).

Neither of the defendants' arguments justifies the intrusive and burdensome discovery they seek.  First, the plaintiffs have already turned over sufficient documentary evidence to show whether they had additional employment during the relevant time period. (Pl. Doc. Resp. at 4-9).  Moreover, the plaintiffs' status as employees under the FLSA is not dependant on whether they had other employment, so that argument provides no support for the requested discovery.  See Barfield v. New York City Health and Hospitals Corp., 537 F.3d 132, 140-44 (2d Cir. 2008) (stressing broad meaning of "employee" under FLSA, based upon variety of factors meant to show "economic reality rather than technical concepts").  Second, the plaintiffs' personal assets have no bearing on whether their hours and wages at Rosie & Ting were in accordance with relevant law.  In sum, the burden of this discovery far outweighs its likely benefit.  Accordingly, this discovery request must be denied.  See Fed. R. Civ. P. 26(b)(2)(C)(iii).

    C.   Defendants' Motion for Additional Deposition Time

The Federal Rules of Civil Procedure impose a "presumptive

11

durational limitation of one day of seven hours for any deposition." Fed. R. Civ. P. 30(d) advisory committee's notes to 2000 Amendments.  Accordingly, any party seeking additional examination time "is expected to show good cause to justify such an order." Id. Although courts enjoy broad discretion in regulating the deposition process under Rule 26(b)(2)(A), see Arista Records LLC v. Lime Group LLC, No. 06 Civ. 5936, 2008 WL 1752254, at *1 (S.D.N.Y. April 16, 2008), courts must allow additional time when necessary for a deponent to be fairly examined or where the prior examination was impeded by unexpected circumstances. Fed. R. Civ. P. 30(d) advisory committee's notes to 2000 Amendments.

Each of the plaintiffs has been previously deposed for a full day with the help of professional translators.[6] Although the defendants voice a variety of complaints in connection with these previous depositions,[7] they request additional time to explore two

---

[6] Plaintiff Guo W. Li has been deposed twice.  He was first deposed on December 16, 2009, but the deposition was adjourned after approximately two hours to allow resolution of certain discovery issues by the Court. (Deposition Transcript of Guo Wu Li dated Dec. 16, 2008 & Dec. 19, 2008 ("Li Tr."), attached as Exh. 2 to Declaration of Paul Batista dated March 17, 2009 ("Batista Decl."), at 192). Mr. Li was deposed again on  December 19, 2009; this time, however, the deposition was cut short due to inclement weather.  (Li Tr. at 192-93).  In total, Mr. Li was deposed for over 5 hours.  (Li Tr. at 192-93).  All of the other plaintiffs appeared for one full day of deposition.

[7] The defendants accuse the plaintiffs' counsel of engaging in a variety of "obstructionist tactics" like so-called "speaking objections" during the previous depositions. (Batista Decl., ¶¶ 1, 5-35, 48).  The specific instances highlighted by the defendants, however, do not provide grounds for sanctions; nor do the

particular issues: the plaintiffs' tax returns and their criminal convictions. (Batista Decl., ¶¶ 39, 41, 44-45; Def. Reply Memo. at 7-10). In addition, the defendants seek an order precluding the plaintiffs from asserting the Fifth Amendment in response to questions about tax returns. The defendants do not allege a need to explore any other subject areas with the plaintiffs.

The reasons offered by the defendants do not justify the additional examination time they seek. I have already ruled that tax returns need not be produced because the defendants have not shown a compelling need for the information contained within those documents. (1/26/09 Order, ¶ 6). Accordingly, there is no basis for allowing more time for questioning about those documents. Moreover, there has been no showing that the plaintiffs' assertion of their Fifth Amendment rights were improper. There is also no need to order additional examination time to determine what past criminal convictions the plaintiffs may have. It is far more efficient for each plaintiff to certify in writing whether they have any prior convictions and, if so, to identify the charges and the docket or indictment number, if known.

In sum, the defendants' motion to compel additional depositions is denied.

---

deposition transcripts indicate that counsel prevented any plaintiff from being fairly examined. See Fed. R. Civ. P. 30(d)(2).

13

## Conclusion

For the reasons explained above, the defendants must produce corporate tax returns in full and Mr. and Mrs. Chin's state and local tax returns with appropriate redactions. The plaintiffs must provide certifications as described above of any prior convictions as well as a non-confidential damages computation. Each party must produce the required information within two weeks. In all other respects, each party's motion to compel is denied.

SO ORDERED.

_____
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       April 20, 2009

Copies mailed this date:

Jane H. Yoon, Esq.
Anna Thea Bridge, Esq.
Schuyler J. Schouten, Esq.
Deepika Bains, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

Kenneth Kimerling, Esq.
Asian American Legal Defense
99 Hudson Street
New York, New York 10013

Samuel Chuang, Esq.
Law Offices of Samuel Chuang
135-11 40th Road
Flushing, New York 11354

Anthony C. Emengo, Esq.
472 Union Avenue, Suite 1000
Williamsburg, New York 11211

15